**Lawrence KARUGU, Petitioner,**

v.

**Michael CHERTOFF, Secretary,
Department of Homeland
Security, Respondent.**

No. 08–1282–ag.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2008.

Stephen K. Tills, Orchard Park, N.Y., for Petitioner.

Gregory G. Katsas, Asst. Atty. General, Civil Division, Jennifer P. Levings, Senior Litigation Counsel, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Lawrence Karugu, a native and citizen of Kenya, seeks review of a February 29, 2008 order of the BIA affirming Immigration Judge ("IJ") Philip J. Montante, Jr.'s April 20, 2007 order denying his motion to reopen his removal proceedings. *In re Karugu,* No. A99 244 033 (B.I.A. Feb. 29, 2008), *aff'g* No. A99 244 033 (Immig. Ct. Buffalo Apr. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

Karugu has failed to sufficiently challenge the agency's findings that: (1) he failed to establish that the evidence he submitted was previously unavailable or undiscoverable at his former hearing; and (2) he failed to demonstrate *prima facie* eligibility for relief because his claim bears no nexus to a protected ground. Therefore, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Those findings were dispositive of Karugu's motion to reopen. *See* 8 C.F.R.

§ 1003.23(b)(3) (IJ may not grant a motion to reopen unless the evidence presented was previously unavailable and undiscoverable); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that failure to establish *prima facie* eligibility for the underlying relief sought is a proper basis upon which to deny a motion to reopen). Likewise, because Karugu does not reiterate his argument that he was not competent to stand trial, we deem any such argument waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

The only argument Karugu raises before this Court is that aliens have a protected interest in applying for asylum and withholding of removal. However, because 8 C.F.R. § 1208.4(b)(4) specifically requires an initial asylum application after removal proceedings have concluded to be filed in conjunction with a motion to reopen, the agency did not abuse its discretion in denying Karugu's motion to reopen where he did not meet the applicable requirements for asylum. *Cf. Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008) (upholding the BIA's interpretation of 8 C.F.R. § 1208.4(b)(2)(3)(ii) that aliens who have completed removal proceedings and who are under a final order of removal must file a new asylum application in conjunction with a motion to reopen and, accordingly, must meet the applicable requirements of a motion to reopen in order to succeed).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).